IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THREE FORKS RANCH CORP., <br><br> Plaintiff, <br><br> vs. <br><br> DEREK SCHWANEBECK, LESA SCHWANEBECK, and JOHN C. ODOM, <br><br> Defendants. | 4:20CV3126 <br><br><br> **ORDER** |

    This matter is before the Court on Defendants' Joint Motion to Designate Place of Trial. (Filing No. 88.) Trial is presently scheduled to occur in Lincoln, Nebraska. Defendants now request that North Platte, Nebraska be designated as the place of trial. The motion will be denied.

## DISCUSSION

    When deciding the place of trial, "a judge considers the convenience of the litigants, witnesses, and attorneys." *Ury v. Union Pacific Railroad Company*, No. 8:10CV116, 2010 WL 1957272, *2 (D. Neb. May 14, 2010) (quoting NECivR 40.1(b)(1)). The party seeking to change the place of trial bears the burden of establishing that the transfer should be granted. *Id*. "The plaintiff's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant." *Aumann Auctions, Inc. v. Phillips*, No. 8:07CV431, 2008 WL 687056, at *2 (D. Neb. Mar. 10, 2008). "A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other." *Ury*, 2010 WL 1957272, at *2.

This suit involves allegations regarding the illness and death of cattle, which took place in Grant County, Nebraska. The cattle operation at issue is located approximately 300 miles from Lincoln, Nebraska and 100 miles from North Platte, Nebraska. Defendants reside around 100 miles from North Platte, and 300 miles from Lincoln. Defendants contend trial should be moved to North Platte because many of the witnesses reside closer to North Platte and because the site of the cattle operation may need to be inspected by expert witnesses and jurors. Defendants contend most of Plaintiff's potential witnesses are in Wyoming—which is closer to North Platte than Lincoln. Defendants assert their witnesses, who purportedly include neighbors and other individuals who observed the cattle at issue, also reside in Western, Nebraska. Defendants maintain that the only persons who would benefit from trial in Lincoln are Plaintiff's counsel.

Having considered the convenience of the litigants, witnesses, and attorneys, the Court finds the place of trial should remain Lincoln, Nebraska. Plaintiff selected Lincoln as the place of trial and this choice is afforded great weight. Moreover, the Court is not convinced that North Platte would be a more convenient forum for the parties or witnesses. Although Defendants' cattle operation is located approximately 300 miles from Lincoln, Defendants still will have to travel 100 miles to North Platte for trial. Additionally, trial in Lincoln would be more convenient for many out-of-state witnesses because Lincoln is near Omaha, Nebraska, which has far more accessible air-travel than North Platte. Plaintiff contends its witnesses include two individuals who split their time between Wyoming and Arizona, as well as a damages expert who is based in Stillwater, Oklahoma. Plaintiff's ranching expert is in Lincoln. Although Defendants' counsel is in North Platte, Plaintiff's attorneys are in Lincoln and St. Louis. St. Louis is far closer to Lincoln. All things considered, moving the location of trial would just shift the inconvenience from Defendants to Plaintiff. Therefore, Defendants' motion will be denied.

Accordingly,

**IT IS ORDERED** that Defendants' Joint Motion to Designate Place of Trial (Filing No. 88) is denied.

Dated this 22nd day of February, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge