IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THREE FORKS RANCH CORP., | |
| Plaintiff, | 4:20-CV-3126 |
| vs. | |
| LESA SCHWANEBECK and DEREK SCHWANEBECK, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the plaintiff's motions in limine (filing 101, filing 102, filing 103, filing 104). The Court heard arguments on the issues disputed by the parties during a hearing on November 10, 2022. The Court will grant and deny these motions as outlined below.

1. CONTRIBUTORY NEGLIGENCE

First, the plaintiff argues that any reference to negligence on the part of the plaintiff should be excluded because the defendants failed to raise contributory negligence as an affirmative defense in their answer. Filing 101. "Contributory negligence is an affirmative defense, which must be pleaded." *Tempero v. Adams*, 44 N.W.2d 604 (Neb. 1950) (quoting *Cook v. Chicago, R.I. & P. Ry. Co.*, 110 N.W. 718, 720 (Neb. 1907)). The defendants have made no attempts to amend the pleadings, and the Court will not grant leave to amend on the eve of trial. Thus, contributory negligence will not be allowed to be pled, instructed on, or referred to at trial.

Evidence that is relevant to some other issue that's properly presented in the case—for instance, evidence that is related to the causation issue, *i.e.*, what led to the additional deaths once the herd was returned to Wyoming, or

the historical background of the cattle's health—may still be admitted. But Three Forks' motion to exclude reference to contributory negligence will be sustained.

2. IMPROPER AND/OR UNDISCLOSED EXPERT OPINION – DEREK SCHWANEBECK

Three Forks also seeks to exclude any expert opinions by one of the defendants, Derek Schwanebeck, on the grounds that in his deposition, Mr. Schwanebeck stated he did not know he was being offered as a non-retained expert. Filing 102. Three Forks contends that Mr. Schwanebeck offered no expert opinions in his deposition testimony, and thus any expert opinions introduced at trial would constitute unfair surprise. Filing 103 at 1. The Court disagrees.

Under Fed. R. Civ. P. 26(a)(2)(C), if a party intends to call a non-retained expert witness, the identity of that witness must be disclosed, as well as the subject matter on which the witness is expected to present, and a summary of the facts and opinions to which the witness is expected to testify. Counsel for defendants followed this procedure and disclosed that Mr. Schwanebeck would be offered as an expert on October 21, 2022. Filing 89-5 at 4. The expert disclosure stated that Mr. Schwanebeck's expertise included opinions on "the nature of rotational grazing, impact on cattle, observations of the Three Forks Cattle, adequacy of forage within the range, lack of starvation, and the impact of treatment of cattle following discovery of deaths." Filing 89-5 at 4. Three Forks deposed Mr. Schwanebeck on March 2, 2022, well after this disclosure.

The Court is unaware of, and Three Forks has not provided, any rule or decision which requires a non-retained expert to *know* that they have been designated as an expert before testifying. Three Forks argues it would be unfair for Mr. Schwanebeck to offer any expert opinions because his deposition testimony did not make clear which opinions were expert and which were not.

2

Mr. Schwanebeck's testimony will be limited to the opinions offered in his deposition, and the subject areas identified on the defendants' Rule 26(a)(2) disclosure, filing 89-5 at 4. The Court will review Mr. Schwanebeck's deposition on November 11 and will determine what, *if any*, deposition testimony will be stricken. Thus, the plaintiff's motion is overruled except to the extent that the Court rules otherwise for certain portions (*if any*) of Mr. Schwanebeck's deposition.

### 3. REFERENCES TO PARTIES' NET WORTH OR RESOURCES

Three Forks also seeks an order prohibiting the defendants from presenting evidence or argument relating to the net worth, resources, or wealth of any of the parties or of the owner of Three Forks, David Pratt. Filing 103 at 1. The defendants agree that such information would be irrelevant except as to the plaintiff's motivation and credibility. The Court will grant Three Forks' motion as any references to Three Forks' financial resources are irrelevant.

### 4. EXCLUDE JOHN C. ODOM'S PRE-SUIT COMMUNICATIONS WITH THREE FORKS

Finally, Three Forks seeks to exclude references to an unsigned affidavit prepared by a former attorney of Three Forks. Filing 104. The unsigned affidavit was prepared for Mr. Odom following an interview between Three Forks counsel and Mr. Odom, and Mr. Odom refused to sign the witness statement. Three Forks alleges that references to this statement would be both irrelevant and would be unfairly prejudicial and likely to confuse the jury.

The motion will be sustained in part. The unsigned affidavit itself is inadmissible hearsay. However, both parties may question Mr. Odom regarding the facts of this case, and the credibility of *Mr. Odom* may be tested by all legitimate evidentiary means.

IT IS ORDERED:

1. The plaintiff's motions in limine (filing 101, filing 103) are granted.

2. The plaintiff's motions in limine (filing 102, filing 104) are granted in part and denied in part as set forth above.

Dated this 10th day of November, 2022.

BY THE COURT:

*[signature]*

John M. Gerrard
United States District Judge

4